RUCHE J. MARINO, Judge Pro Tem.
Styled action to nullify the will of one Mrs. Ruth O’Brien Gumbel by her relations against the Succession of said decedent et al., this petition was met with a de-clinatory exception urging that said action must be brought in the succession proceeding. This was subsequently cured, but plaintiffs’ pleading was met with a peremptory exception. The action was answered by other parties not previously before the court. This matter is here upon a judgment maintaining the peremptory exception of no cause or right of action dismissing the suit brought by Mrs. A. Gibson, et al.
For the facts of this case resort must be made to the appellants’ petition (Article 931 Code of Civil Procedure). Mrs. Ruth O’Brien Gumbel left a last will and testament in the statutory form dated November 4, 1971 duly probated 2 days subsequent to her death on April 14, 1972. Previously, the de cujus made a statutory will dated November 11, 1969 with a codicile of even date therewith. Physical and mental impairement because of ill health beginning sometime prior to and continuing to death were alleged in paragraph IX of plaintiffs’ petition. The plaintiffs further averred that the ’71 will is an absolute nullity because the requirements of R.S. 9:2442 were not met. Furthermore, attorney-client improprieties are alleged with a recitation of numerous alleged transgressions all pointing to factors which would indicate that the ’71 will of Mrs. Gumbel was not free and voluntary.
It should be remembered that this matter is here only on appeal from exceptions and there has been no benefit from a trial on the merits in the lower court.
Appellees are possibly correct in their contention as to burden of proof, or adducing sufficient proof of capitation; however, this court does not feel that is before us at this time.
It is agreed that lack of testamentary capacity on the part of the testatrix is definitely a ground for annulling a will.
The question is whether or not the petition filed herein (in light of an exception of no cause or right of action) disclosed a cause of action?
A reading of the petition discloses allegations in paragraph XI:
“For some time prior to the demise of Mrs. Ruth O’Brien Gumbel, Mrs. Gumbel had been seriously physically and mentally impaired because of ill health which *399 required confinement for periods of time in various hospitals in the City of New Orleans.”
This states that the de cujus had been seriously physically and mentally impaired because of ill health requiring certain periods of hospital confinement. Thereafter, in following paragraphs certain facts are alleged which, if coupled with mental impairment, would state a cause of action. Paragraph XVII of plaintiffs’ petition states:
“Petitioners aver, based on information and belief, that upon the date of ex-execution of this will, John Ormond exercised undue influence upon Mrs. Ruth O’Brien Gumbel and such influence was of such a nature while she was physically and mentally impaired that it does not reflect her free and voluntary act. ‡ sf; »
While plaintiff has probably not observed all of the necessities of fact pleading no technical form of pleading is required. Allegations of fact are to be simple, concise, and direct. (Article 854 Code of Civil Procedure) Condition of mind may be alleged generally. (Article 856 Code of Civil Procedure) The procedural philosophy of the Louisiana Code of Civil Procedure is summed up by the language of its Article 5051:
“The Articles of the Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.”
This court is of the opinion that a reading of the petition in view of the foregoing rules of law, does note a cause of action. But, taken as a whole, when considering allegations as to lack of testamentary capacity, a cause of action is stated. Needless to say, when appellants are given their day in court, they bear the burden of proof.
Therefore, commensurate with the findings of this court the judgment of the trial judge maintaining the peremptory exception shall be set aside and/or annulled and the case remanded for further proceedings consistent with the view herein expressed. Assessment of costs of this appeal is to await the final adjudication of this matter.
Annulled and remanded.