333 So.2d 340 (1976)
Mrs. Joan O. GIBSON et al.
v.
The SUCCESSION of Mrs. Ruth O'Brien GUMBEL et al.
No. 7336.
Court of Appeal of Louisiana, Fourth Circuit.
May 18, 1976.
*341 James O. Manning, Metairie, for Joan O. Gibson, et al, plaintiffs-appellants.
M. Hepburn Many, Many LoCoco & Dwyer, New Orleans, for succession of Mrs. Ruth O'Brien Gumbel and John Ormond, et al., defendants-appellees.
Before GULOTTA, SCHOTT and ST. AMANT, JJ.
Penrose C. ST. AMANT, Judge Pro Tem.
This is an action to nullify a will. The trial court rejected plaintiffs' demands and they appealed. We affirm.
The trial court initially dismissed plaintiffs' demands on a peremptory exception of no right or cause of action but on appeal to this court we reversed and remanded for a trial on the merits. Gibson v. Succession of Gumbel, 290 So.2d 397 (La.App. 4th Cir. 1974). The thrust of that opinion was to the effect that "when considering allegations as to lack of testamentary capacity, a cause of action is stated."
The burden of proof is on the opponent who alleges lack of testamentary capacity. Succession of Schmidt, 219 La. 675, 53 So.2d 834 (1951). The only persons to testify on the issue of testamentary capacity were the notary public and the two witnesses before whom the will was executed and the decedent's attending physician. The testimony of all of these witnesses was to the effect that although the testatrix was physically ill and confined to Touro Infirmary at the time of the execution of the will she was mentally alert, in full possession of all of her faculties, and perfectly cognizant of what she was doing. There is a total absence of any proof to support the allegation of lack of testamentary capacity.
Plaintiffs do not seriously contend that they have met the burden of proof with regard to the alleged lack of testamentary capacity. Instead they contend primarily that the will should be set aside on the basis that the attorney who prepared the will is the principal beneficiary thereof and that he exercised undue influence over the testatrix.
We have not been cited to any constitutional, statutory or jurisprudential rule ever recognized in this state which would prohibit an attorney from inheriting under a will prepared by him nor are we aware of any such rule. Furthermore our statutory law specifically prohibits evidence of dispositions having been made through captation *342 or undue influence. Civil Code Article 1492 reads as follows:
"Proof is not admitted of the dispositions having been made through hatred, anger, suggestion or captation."
In the recent case of Guidry v. Hardy, 254 So.2d 675 (La.App. 3rd Cir. 1971), the court applied this codal principle in the following language:
"No inquiry is permitted into the motives which may have influenced a testator to make testamentary dispositions. `Undue influence,' therefore, is not a ground for invalidating a will in Louisiana...."
Although we rest our decision squarely on this fundamental principle of law we note that even if the rule were otherwise the plaintiffs still would not prevail. The evidence is to the effect that the will in question was but an updated revision with minor changes of a will which had been prepared a decade earlier by another attorney who is now deceased, and that this earlier will was prepared before the beneficiary was admitted to the bar.
Furthermore, although the present will was executed while the decedent was hospitalized at Touro, it was executed before a notary other than the attorney beneficiary who prepared the will. Finally, the testatrix did not expire during this period of hospitalization. She was subsequently discharged remaining at home for a period of approximately thirty days, then readmitted to the hospital for a period of time and discharged again for approximately sixty days before being readmitted to Touro for her final hospitalization. There was ample time during these intervals to change the will had she elected to do so. The decedent's attending physician testified that in these intervals between hospitalization "she was her old self sitting in her apartment and giving out orders." (Tr. p. 47). The evidence as a whole simply does not substantiate the allegation of undue influence.
At the conclusion of the trial the district judge summed up the situation in the following language:
"There is every reason in the world to believe that this is what the lady wanted to do and in fact did accomplish it. And I am going along with it. I am not going to turn over her intent which I find was clearly expressed and I think within valid and legal bounds and this is the order and judgment of the court."
The record amply supports this conclusion of the trial judge. Therefore the decision appealed from is affirmed at appellants' cost.
AFFIRMED.