GUIDRY, Judge.
This is an action to annul a probated will because of the alleged incapacity of the testatrix.
On January 24,1952, Rose Spell executed an olographic will making her husband, Elie Forman, her universal and sole legatee. In 1976, Mrs. Spell died. The will was probated and a judgment of possession was signed on June 4, 1976, placing Mr. Forman in possession of all her property. On January 22, 1981, Frank Spell, Jr., one of decedent’s surviving siblings, brought this suit to annul the probated will, claiming defects as to form, signature and capacity. C. Paul For-man, as administrator of the Succession of Elie Forman, was named as defendant. At trial on the merits, plaintiff abandoned all grounds of nullity except for the alleged incapacity of the testatrix. From a judgment dismissing his claim, plaintiff appeals.
The only issue on appeal is whether the trial judge erred in finding that the plaintiff had not met the burden of proving incapacity of the testatrix at the time the will was confected.
There is no question but that Rose Spell was a morphine addict for a period of years, including the time that she wrote the will in question. The only fact in serious dispute is whether Rose was capable of lucid intervals of sufficient length to make a will.
Testamentary capacity is always presumed and the burden is on the party attacking the will to prove that at the moment the will was made, the testator was not of sufficiently sound mind to fully understand the nature of the testamentary act and appreciate its effects. Artigue v. Artigue, 210 La. 208, 26 So.2d 699 (1946). “The degree of proof required to overcome the presumption of testamentary capacity is similar to that required to rebut the presumption of innocence which the law creates in favor of the accused in criminal cases.” Succession of Collins v. Hebert, 377 So.2d 516 (La.App. 3rd Cir.1980) at 519.
The trial court concluded that plaintiff simply failed to meet this burden. He *328 so concluded with the following cogent oral reasons for judgment.
“THE COURT: These matters are always emotionally packed. However, the Court has to look at this from an objective point of view with full regard for the law and the jurisprudence. The burden on the plaintiff is almost insurmountable. As I mentioned earlier, even an insane person having a lucid moment can make a valid Will. So that the burden in this case for MR. (sic) Spell would be to prove that at the time the Will was actually written, she didn’t have a lucid mind. No direct eye witnesses have been brought to show this. The tenor of the testimony of plaintiff and his witnesses is generally that when these people saw this lady, in their minds she was incompetent. I have read Dr. Trahan’s deposition and he says that when she was on Morphine she would be incompetent like a drunk person. However, when the drunk sobers up, he’s no longer incompetent. When the Morphine addict does not take the Morphine regularly enough to be influenced by it or has a period when he or she does not take it, then those people are just as lucid as you and me. Dr. Trahan testified unequivocably that she could have been lucid at times. Of course, he couldn’t say what her condition was on January 24, 1952; he wasn’t present. He stated that she would be at times completely competent to write the document such as this Will. He said she wasn’t crazy; she wasn’t insane. She was just a drug addict hooked on Morphine. That when she was on Morphine, no question, incompetent. When she was off the Morphine, she was sane; she was not crazy. Morphine has the effect of changing your personality, it’s a different person altogether from when they’re not on the drug. And obviously when plaintiff and his witnesses saw her, she was on Morphine. But Morphine has an effect only while it is still being absorbed by the body. After its effect is worn out, that person is lucid.

I am satisfied that plaintiff has not met the burden. It may not mean that you are right or you are wrong. It means the proof that the law requires, you don’t have. There is no evidence to show that she was coerced, forced, unduly persuaded to make this Will; there is no evidence at all. Therefore, the Court must dismiss plaintiff’s action at his cost.’’

Whether or not a testator had the requisite capacity is a question of fact, and the findings of the trial judge will not be disturbed on appeal unless they are manifestly erroneous. Succession of Collins v. Hebert, supra, at 519, and cases cited therein. We find no error in the trial judge’s conclusion.
For the above and foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are assessed against the plaintiff.
AFFIRMED.