KING, Judge.
The sole issue presented by this appeal is whether decedent, De Ette Barber Garrett, possessed the mental capacity to confect a last will and testament.
On March 24, 1976, De Ette Barber Garrett (hereinafter Garrett) executed a statutory will bequeathing her entire estate to her greatnephew, William E. Basemore; her niece, Alma King; and her niece, Maggie Barber (hereinafter defendants). De Ette Barber Garrett died April 3, 1980, in Jefferson Davis Parish, Louisiana. Garrett’s statutory will was probated on April 17, 1980. Opposition to the probate was filed by Thelma Garrett Davis, De Ette Garrett Mahon, Astrid Garrett Wilkinson and James .Cook Garrett (hereinafter plaintiffs). The plaintiffs contend that Garrett was not mentally competent to confect her will on March 24, 1976. Plaintiffs further sought to probate a copy of a prior will of Garrett dated April 27, 1967. After trial on the merits, the trial court rendered judgment in favor of defendants and dismissed plaintiffs’ suit at their cost. Plaintiffs timely appealed. We affirm.
The general principles applicable to the issue of mental competency of a testator are set forth in the case of Succession of Collins v. Hebert, 377 So.2d 516 (La.App. 3rd Cir.1979), writ den., 379 So.2d 15 (La. 1980), as follows:
“It is well settled that testamentary capacity is always presumed, unless the contrary is proven. Succession of Zinsel, 360 So.2d 587 (La.App. 4th Cir.1978), writ denied 363 So.2d 72 (La.1978); Succession of Patterson, 329 So.2d 925 (La. App. 2nd Cir.1976), writ denied 334 So.2d 231 (La.1976); Succession of Bush, 292 So.2d 915 (La.App. 1st Cir.1974), writ denied 294 So.2d 837 (La.1974); Guidry v. Hardy, 254 So.2d 675 (La.App. 3rd Cir. 1971), writ denied 260 La. 454, 256 So.2d 441 (1972).
“The party alleging lack of testamentary capacity at the time the will was executed bears the burden of proof. Succession of Zinsel, supra; Succession of Gumbel, 333 So.2d 340 (La.App. 4th Cir.1976), writ denied 338 So.2d 111 (La. 1976); Succession of Bush, supra. The degree of proof required to overcome the presumption of testamentary capacity is similar to that required to rebut the presumption of innocence which the law creates in favor of the accused in criminal cases. Succession of Patterson, supra; Guidry v. Hardy, supra; Succession of Bush, supra.” Succession of Collins v. Hebert, supra, at 519.
*615 See also Spell v. Foreman, 430 So.2d 327 (La.App. 3rd Cir.1983); Succession of Deshotels, 422 So.2d 721 (La.App. 3rd Cir. 1982).
With these principles in mind we examine the testimony in order to determine whether the trial judge was clearly wrong in his factual conclusions.
Testifying for plaintiffs was Dr. Lester Ancelet, Garrett’s neighbor and family physician. He stated that he treated her from 1962 until her death in 1980. In July 1970, Dr. Ancelet discovered that Garrett was suffering from a ventral hernia which he corrected surgically. In 1972 the surgical scar began forming an intestinal obstruction which, according to Dr. Ancelet, eventually caused Garrett’s death in 1980. Dr. Ancelet testified that Garrett began to deteriorate markedly in 1973 and that in the years following she was unable to communicate with him and became incoherent. He stated that from 1973 until her death Garrett was predominantely bedridden and required constant care by nurses. Dr. An-celet testified that he only saw Garrett three or four times a year and in his opinion Garrett was incapable of making a will in 1976 due to her advanced senility.
Also testifying for plaintiffs was Ella Lawrence, who had been Garrett’s day nurse from 1971 to early 1978. She testified that Garrett began losing her memory in 1971 and that by 1976 she was senile. She stated that she had to explain to Garrett what the checks she needed signed were for. Further, she testified that Garrett’s condition did change and sometimes it was worse than at others. She did not believe Garrett was competent in 1976 when she made her will.
Several of the plaintiffs and others also testified, based on their occasional visits with Garrett, that they did not believe Garrett was mentally capable of making her will in 1976.
Testifying on behalf of the defendants was a practical nurse, Elgie Roy, who attended to Garrett from 1974 until 1979; Don Jory, the attorney who prepared Garrett’s 1976 will; Rosa Shultz, a neighbor and long-time friend, and various other friends and former employees of Garrett.
Elgie Roy was employed to care for Garrett at night beginning in 1974 and after Ella Lawrence left employment in 1978, Mrs. Roy then stayed with Garrett 24 hours a day. She testified that Garrett was very alert and that she had no problem at all communicating with her. Mrs. Roy stated that Garrett remained mentally alert until 1979 when her condition worsened.
Don Jory, who prepared and notarized the 1976 will, testified that Garrett supplied him with all of the information needed for the preparation of her 1976 will and that in his opinion at the time Garrett executed her 1976 will she was mentally capable of executing a will. Generally the testimony of the notary public will be given great weight in determining the competency of the testatrix to confect the will at the time the will was made. Artigue v. Artigue, 210 La. 208, 26 So.2d 699 (La. 1946). Mr. Jory also testified that he had previously prepared a power of attorney for Garrett in 1975 wherein she named her great nephew, William E. Basemore, as her agent and attorney-in-fact. The Honorable Walter C. Peters, who had been Garrett’s attorney before becoming a district judge, testified that he accompanied Mr. Jory to Garrett’s home at the time she executed the power of attorney. Judge Peters stated that he talked to Garrett at the time she executed the power of attorney in 1975, and on several other occasions and that she appeared to be mentally alert.
Mrs. Rosa Shultz, a neighbor and longtime friend, testified that she visited Garrett frequently during the 1970’s and that Garrett was alert at all times and that she had no problems communicating with Garrett.
The testimony of the other witnesses for defendants corroborated the testimony of Roy, Jory and Shultz as to the mental competency of Garrett to confect the will.
The trial court concluded that plaintiffs simply failed to meet their burden of proof *616 and m his written reasons for judgment concluded as follows:
“This Court could find no evidence of duress, force or undue influence present at the making or execution of decedent’s will.
“This Court must conclude from the evidence presented that, although infirm and physically more or less bedridden, Mrs. Garrett was capable of possessing testamentary capacity and did have control of her mental faculties on the date of the execution of her will herein under attack.”
Whether or not a testator had the requisite capacity is a question of fact, and the findings of the trial judge will not be disturbed on appeal unless they are manifestly erroneous. Spell v. Foreman, supra; Succession of Deshotels, supra; Succession of Collins v. Hebert. We find no such error by the trial judge.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiffs-appellants.
AFFIRMED.